**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROBERT GRADY
ADC #120236                                                                                                       PETITIONER

VS.                                    5:08CV00116 SWW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                               RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.       An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Robert Wayne Grady. (Docket entry #1). Respondent has filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #10). Thus, the issues are joined and ready for disposition.

Before addressing the merits of the Petition, the Court will review the relevant procedural history of the case. On March 19, 2001, a jury in Perry County, Arkansas convicted Petitioner of capital murder for the shooting death of his wife. (Docket entry #1 at 1). Petitioner was sentenced to life imprisonment without the possibility of parole.

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued that the evidence was insufficient to support his conviction. On September 26, 2002, the Arkansas Supreme

Court affirmed Petitioner's conviction. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002).

On November 25, 2002, Petitioner filed a Rule 37 Petition. (Docket entry #10 at 7-12). On April 9, 2003, the Perry County Circuit Court entered an Order denying Rule 37 relief.[1] Petitioner did not appeal the trial court's denial of Rule 37 relief.

On February 8, 2005, Petitioner filed a "Petition for Correction of an Illegal Sentence Pursuant to Ark. Code Ann. § 16-90-111(a)." (Docket entry #10 at 13-18). On November 28, 2006, the Perry County Circuit Court entered an Order denying the Petition. Once again, Petitioner did not appeal that ruling. (Docket entry #10 at 19).

On August 21, 2007, Petitioner filed a "Habeas Corpus Petition" in state court. (Docket entry #10 at 155-69). On December 3, 2007, the Perry County Circuit Court entered an Order denying habeas relief. (Docket entry #10 at 152). Petitioner appealed that decision to the Arkansas Supreme Court. On March 6, 2008, the Court dismissed the appeal as "untimely."*Grady v. State*, 2008 WL 601431 (Ark. 2008) (unpublished per curiam).

On April 22, 2008, Petitioner filed this habeas action, in which he argues that: (1) he was denied his right to appeal the denial of state habeas corpus relief; (2) the prosecuting attorney who charged and prosecuted him was biased and had a conflict of interest; (3) he was "insane" at the time he shot his wife due to the influence of a church cult; and (4) the trial judge denied him a fair trial by limiting the length of the trial. (Docket entry #1). Respondent contends that Petitioner's claims are barred by: (1) the statute of limitations; and (2) the procedural default rule. (Docket entry #7).

Because all of Petitioner's habeas claims are barred by the applicable statute of limitations,

---

[1]This Order is not part of the record. The Court obtained the Order from the Perry County Circuit Clerk. A copy of the Order, marked as Exhibit "A," is attached to this Recommended Disposition.

the Court need not address which of those claims are also barred by the procedural default rule. Accordingly, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

As indicated earlier, Petitioner appealed his conviction to the Arkansas Supreme Court, which affirmed on September 26, 2002. Afterward, Petitioner did not seek certiorari from the United States Supreme Court. Thus, his conviction became "final" on December 25, 2002, when the time for seeking certiorari expired. From that date, Petitioner had one year, until December 25, 2003, to file this federal habeas action.

Petitioner initiated this action on April 22, 2008, over four years *after* the expiration of the one-year statute of limitations.[2] Accordingly, the federal habeas Petition was not timely filed under

---

[2]The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within the AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"), *abrogated on other*

§ 2244(d)(1).

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed"application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Petitioner filed a timely Rule 37 Petition on November 25, 2002, *prior* to the expiration of the ninety days in which to petition the United States Supreme Court for certiorari. During the pendency of the Rule 37 Petition, Petitioner is entitled to the following statutory tolling:

(1) September 26, 2002: The Arkansas Supreme Court affirms in Petitioner's direct appeal, leaving him with ninety days to petition the United State Supreme Court for certiorari before the limitations period is triggered.

→   *60 days of statutory tolling*

(2) November 25, 2002: Petitioner files a timely Rule 37 Petition in Perry County Circuit Court.

→   *165 days of statutory tolling*

(3) May 9, 2003: On April 9, 2003, the Perry County Circuit Court enters an Order denying the Rule 37 Petition. From that date, Petitioner had thirty more days, until May 9, 2003, to file a Notice of Appeal to the Arkansas Supreme Court.[3] Petitioner

---

*grounds*, 523 F.3d 850 (8th Cir. 2008). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

Petitioner signed the Petition on April 15, 2008. (Docket entry #1 at 14). Even giving Petitioner the benefit of these seven days under the prison mailbox rule, his Petition is still untimely.

[3] For purposes of statutory tolling under the AEDPA, a "properly filed" postconviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir.

did *not* appeal the trial court's denial of his Rule 37 Petition. Thus, on May 9, 2003, the one-year statute of limitations began to run.

→ *one year runs against the statute of limitations*

(4) May 9, 2004: The statute of limitations expires.[4]

(5) April 22, 2008: Petitioner files his habeas Petition 1,444 days after the expiration of the statute of limitations.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, the Court must also consider whether equitable tolling is applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner argues that he lacked the mental capacity and knowledge of the law to timely file his federal habeas petition. In support of this argument, Petitioner emphasizes trial testimony and forensic mental evaluations to the effect that, at the time he shot his wife, he was under the oppressive influence of a church that caused him to believe that he should shoot his wife, and that an angel would intercede to save her.

After carefully reviewing the circumstances of Petitioner's case, the Court concludes that

---

2002); Ark. R. App. P.— Crim. 2(a)(4) (notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

[4]While Petitioner filed two state court postconviction motions, after the expiration of the limitations period, it is well-established that postconviction motions filed under these circumstances have no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

Petitioner has not met his burden of establishing equitable tolling. The Eighth Circuit has held that equitable tolling is not warranted when a pro se prisoner contends that he lacks legal knowledge or resources. *See Preston v. State of Iowa*, 221 F.3d 1343 (8th Cir. 2000). Petitioner has demonstrated his ability to articulate his arguments despite his claim of a limited mental capacity. For example, Petitioner was able to file a timely Rule 37 Petition seeking postconviction relief in state court, before the federal limitations period expired. Accordingly, Petitioner has failed to establish the kind of "extraordinary circumstances beyond [his] control" which might make equitable tolling applicable in this case.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 30th day of April, 2010.

                                                UNITED STATES MAGISTRATE JUDGE

IN THE CIRCUIT COURT OF PERRY COUNTY, ARKANSAS

ROBERT GRADY                                                           PETITIONER

VS.                          CR 1999-12

STATE OF ARKANSAS                                                      RESPONDENT

## ORDER

Comes now before the Court the petitioner's pleading entitled <u>Rule 37 Petition,</u> and <u>Amendments to Petition for Post-Conviction Relief Under Ark.R.Crim.37</u>. The Court being well and truly advised and informed as to all matters of fact and law, DOTH FIND:

Petitioner was convicted on March 19, 2001, by a jury of his peers on the charge of capital murder. Petitioner was sentenced to life imprisonment without the possibility of parole. His conviction was affirmed by the Arkansas Supreme Court, and petitioner filed a timely *pro se* petition for relief under Rule 37.

For his first amended ground for relief, petitioner alleges that the prosecutor should have recused, because the prosecutor's wife and petitioner's wife, the victim, were classmates and close work mates at a professional level. Petitioner alleges that the prosecutor wasn't impartial and that his wife expected him to go for the maximum penalty. Petitioner's argument on this issue is denied. Obviously, the prosecutor is not obligated to be impartial in a case where he represents the State of Arkansas against the petitioner.

For his second amended ground for relief, petitioner alleges that trial counsel was ineffective for failing to object to the trial court's decision to limit petitioner's testimony.

A charge of inadequate representation can prevail only if the acts or omissions of an accused's attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the Court, or the representation is so patently lacking in competence or

"Exhibit A"

adequacy that it becomes the duty of the Court to be aware of and correct it. *Davis v. State*, 267 Ark. 507, 592 S.W.2d 118 (1980); *Bell v. State*, 269 Ark. 85, 598 S.W.2d 738 (1980); *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980); *Fretwell v. State*, 299 Ark. 305, 772 S.W.2d 334 (1989).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment and had a prejudicial effect on the actual outcome of the proceedings. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992).

The criteria for assessing the effectiveness of counsel were enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, the petitioner must prove two things. First, he must show that counsel's performance was deficient in that counsel made errors so serious that he was not functioning as the counsel guaranteed by the U.S. Constitution, Amendment 6; and, second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *Orsini v. State*, 287 Ark. 456, 701 S.W.2d 114 (1985); *Huff v. State*, 289 Ark. 404, 711 S.W.2d 801 (1986); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988); *Pettit v. State*, 296 Ark. 423, 758 S.W.2d 1 (1988); *White v. State*, 301 Ark. 74, 781 S.W.2d 478 (1989); *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992); *Jones v. State*, 308 Ark. 555, 826 S.W.2d 233 (1992).

The decision not to object, even to constitutional issues, may be proper trial tactics and strategy. *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999). It is well settled that matters of

trial tactics and strategy are not grounds for post-conviction relief even if the tactics or strategy prove improvident. *Leasure v. State*, 254 Ark. 961, 497 S.W.2d 1 (1973); *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995); *Tisdale v. State*, 311 Ark. 228, 843 S.W.2d 883 (1992); *Mays v. State*, 303 Ark. 505, 798 S.W.2d 75 (1990); *Stewart v. State*, 295 Ark. 48, 746 S.W.2d 58 (1988). In the instant case, petitioner has failed to show that counsel's failure to object to the trial court limiting his testimony was deficient, or that if counsel's conduct was deficient that the deficient performance resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial.

Petitioner's third argument is that trial counsel was ineffective for failing to introduce key witnesses and key evidence at trial to support his insanity defense. The record reveals that trial counsel presented medical testimony in support of his insanity defense. The calling and questioning of witnesses is a matter of trial tactics which is outside the scope of this rule. *Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983), *cert. denied*, 465 U.S. 1051, 104 S. Ct. 1331, 79 L.Ed. 2d 726 (1984).

Petitioner's fourth ground for relief is that trial counsel was ineffective for failing to renew the motion for directed verdict. According to petitioner, the Arkansas Supreme Court held that because petitioner's counsel failed to renew his motion for directed verdict, the issue was held to be waived on direct appeal.

Ineffective assistance of counsel cannot be established merely by showing that an error was made by counsel or by revealing that a failure to object prevented an issue from being addressed on appeal. *Thomas v. State*, 330 Ark. 442 (1997). In *Huls v. State*, 301 Ark. 572, the Arkansas Supreme Court found that even if a timely objection at trial could have prevented the jury from hearing a witness's testimony, the testimony, when taken with the entire evidence

presented at trial, did not lead to a conclusion that there was a reasonable probability that the jury would have acquitted petitioner if the witness had not testified. In making a determination on a claim of counsel's ineffectiveness, the Supreme Court stated that it must consider the totality of the evidence presented to the judge or jury. *Thomas*, 330 Ark. 448, 442.

Based upon the totality of the evidence presented, this Court finds that petitioner was not prejudiced by counsel's failure to renew his motion for a directed verdict. Even if trial counsel had properly renewed his motion for directed verdict, the testimony when taken as a whole does not lead to the conclusion that the outcome of petitioner's case at trial or on direct appeal would have changed.

For his fifth ground for relief, petitioner argues that the State Hospital did not properly evaluate him. This request for relief is not cognizable under Rule 37, and is denied on that basis.

THEREFORE, the Court finds and determines that for all of the above-stated reasons, the petitioner's Rule 37 Petition, and Amendments to Petition for Post-Conviction Relief Under Ark.R.Crim.37 are without merit and should be and hereby are ordered denied.

IT IS SO ORDERED.

_____
JUDGE BARRY SIMS

4-7-03
_____
DATE